### Rose McDevitt v. James Hibben, et al., Executors.

#### Gen. No. 4,564.

1. WILL—"*upon final distribution*," *as used in, construed.* Held, from the entire provisions of the will in controversy, that the phrase "upon final distribution" did not mean upon final distribution of the personal estate of the testator, made pursuant to order of the court of probate, but referred to a final distribution following the making of certain conveyances of real estate provided for in the will.

Bill to compel sale of real estate, etc. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed December 2, 1905.

J. H. STEARNS, for appellant; GWYNN GARNETT and EUGENE H. GARNETT, of counsel.

ELMER W. ADKINSON, for appellees.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

This appeal comes to this court by agreement of parties in pursuance of section 16 of the Appellate Court Act.

Appellant filed her bill in the Circuit Court of Cook County to obtain a decree against James Hibben and Henry F. Sawtell, as executors or trustees under the will of Dion W. McDevitt, requiring them to sell real estate of which

the testator died seized for the purpose of paying appellant her legacy under the will. A demurrer was sustained to the bill and a decree entered dismissing it for want of equity, from which this appeal is prosecuted.

The whole controversy depends upon the proper construction of certain clauses of the last will of Dion W. McDevitt. The will, so far as the same is necessary for the determination of the questions here involved, is as follows:

"1st. I give and bequeath to my daughter Rose McDevitt the sum of three thousand dollars ($3,000) to be paid to her as soon after my death as practicable, and the further sum of three thousand dollars ($3,000) to be paid out of my residuary estate upon final distribution."

(Second, third, fourth, fifth and eighth clauses bequeath legacies aggregating $3,450 to sons, relatives and other persons.)

"6th. To my beloved sisters Rosanna (known in religion as Sister Mary of the Annunciation) McDevitt and Margaret McNamara, both of the city of Philadelphia, I give, devise and bequeath the sum of one thousand dollars ($1,000) each, on the express condition nevertheless that in the event of the death of either or both prior to my decease, the bequest or bequests herein made shall be null and void, and become a part of my residuary estate.

"7th. I give, devise and bequeath to my step-daughter Cora R. Tubbs the sum of five hundred dollars ($500), to be paid to her as soon after my death as possible, and also the further sum of five hundred dollars ($500) out of my residuary estate upon final distribution.

"9th. All the rest, residue and remainder of my estate, be the same real, personal or mixed and wheresoever situated, I give, devise and bequeath to my old and esteemed friends, James Hibben and Henry F. Sawtell, in trust, to hold the same as joint tenants with right of survivorship and not as tenants in common for the purposes hereinafter specified, viz.: out of the income of my residuary estate, they are to pay my beloved wife, Emily Russell McDevitt, during her natural life or while she remains unmarried, the sum of sixty dollars ($60) per month, for her maintenance and support, and the education and maintenance of my two daughters Emily R. McDevitt and Hannah McDevitt; and they shall also permit her to occupy and use free of charge

the premises known as 6801 Wentworth Avenue, Chicago, Illinois, as a home for herself and for my said daughters for the period above named, and in the event of my said wife leaving said premises and establishing a home elsewhere, my said trustees are hereby authorized to increase said monthly allowance from sixty dollars ($60) to eighty-five dollars ($85). When my said daughters Emily R. and Hannah arrive at lawful age my trustees are requested to convey and vest in each of them a moiety of my said estate, which shall be their own and separate property forever, subject however to the bequests chargeable against said residuary estate herein above specified; and it is my desire that in the event of the death or marriage of my wife prior to the arriving at majority of either or both of my said daughters last aforesaid, that my beloved step-daughter Cora E. Tubbs shall have the care, custody and education of said children until they arrive at lawful age, and the income chargeable against my residuary estate, to wit, sixty dollars ($60) or eighty-five dollars ($85) per month shall be paid to her for their maintenance and support and likewise the use, free of charge, of number 6801 Wentworth avenue, Chicago, Illinois, as specified above and under like conditions.

"Should it in the judgment of my said trustees become necessary to sell any portion of the real estate of which I may die seized, then it is my desire that they shall have full power to sell, transfer, convey, encumber, lease and improve the property known as 6819 Yale avenue in the city of Chicago, County of Cook and State of Illinois, and shall in their discretion have power to re-invest the proceeds of any sale made hereunder in such manner as they shall deem safest and most advantageous.

"In case of the death, resignation or refusal to act of either or both of my said trustees, it is my desire that the court appoint a suitable person or persons in his or their stead (following the wishes of my wife, if possible), who shall be trustee or trustees with the same powers and limitations as hereinbefore specified."

The bill sought to compel the trustees to sell a sufficient quantity of the real estate belonging to the testator to pay the $3,000 bequeathed to Rose McDevitt which was to be paid out of the "residuary estate upon final distribution."

Appellant's contention is that this $3,000 became due and payable out of the residuary estate upon the final dis-

McDevitt v. Hibben.

tribution of the personal estate made in pursuance of an order of the Probate Court. Undoubtedly if clause 1 of the will stood alone the contention of appellant as to the meaning of the words "upon final distribution" would be correct, but when clause 1 is read in connection with clause 9 it is apparent that the testator used the words "upon final distribution" to designate the time when the trustees should convey a moiety of the residuary estate to Emily R. and Hannah McDevitt under clause 9 of the will.

It is to be noted that the testator charges his residuary estate with the support of his widow and with the maintenance and education of the two daughters Emily R. and Hannah, and that $60 per month is charged against the income of the residuary estate for this purpose, so long as she should remain his widow and occupy the home known as 6801 Wentworth avenue, Chicago, and in the event of her removing to another home the trustees were authorized to increase the monthly allowance to $85 per month. The conveyance to the daughters of their shares of the real estate is "subject to the bequests chargeable against said residuary estate herein above specified." This language in clause 9 clearly indicates that the testator contemplated that the bequests to appellant in clause 1 and to Cora R. Tubbs in clause 7, which were specifically made payable out of the residuary estate, would not be paid until after the trustees made the conveyance to the two daughters under clause 9; otherwise the conveyance could not be subject to the bequests chargeable against the residuary estate. We are of the opinion that the court below adopted the proper construction of this will and that there was no error in dismissing the bill for want of equity, the suit being prematurely commenced. The decree is affirmed.

*Affirmed.*